# United States District Court
## District of Maryland

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed on or After November 1, 1987) |
| v. | |
| | Case Number: AMD-04cr052 |
| RICHARD ARTHUR SCHMIDT | USM Number: 47454-083 |
| | Defendant's Attorney: Fred W. Bennett |
| | Assistant U.S. Attorney: Andrew G.W. Norman |

**THE DEFENDANT:**

☑ pleaded guilty to counts  Seven (7) and Ten (10)  of the Indictment.
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18: U.S.C. §2423(b) | Travel by U.S. Citizen in Interstate & Foreign Commerce with Intent to engage in Sexual Act with a Minor | December 2003 | 7 |
| 18: U.S.C. §2423(c) | Travel by U.S. Citizen in Interstate & Foreign Commerce & Engaging in Illicit Sexual Conduct with a Minor | December 2003 | 10 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 125 S. Ct. 738 (2005).

☐ The defendant has been found not guilty on count(s) _____
☑ Counts 1,2,3,4,5,6,8,9  are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

May 25, 2005
Date of Imposition of Judgment

*/s/ Andre M. Davis*  5/25/2005
ANDRE M. DAVIS                                   Date
United States District Judge

Court Reporter:
S. Cook

**DEFENDANT:**        **RICHARD ARTHUR SCHMIDT**                    **CASE NUMBER: AMD-04cr052**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 180 months, as to each count, to be served concurrent, with credit from December 27, 2003.

☑ The court makes the following recommendations to the Bureau of Prisons:
That defendant be admitted to the sexual offenders program and housed at Butner, N.C.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

   ☐ before 2 p.m. on _____.

A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By: _____
DEPUTY U.S. MARSHAL

Case 1:04-cr-00052-CCB Document 28 Filed 05/26/05 Page 3 of 7
U.S. DISTRICT COURT (Rev. 2/2005) Sheet 3 - Judgment in a Criminal Case with Supervised Release
Judgment Page 3 of 6

**DEFENDANT:** RICHARD ARTHUR SCHMIDT  **CASE NUMBER:** AMD-04cr052

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __Life__.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A. STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.
2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.
3) The defendant shall not illegally use or possess a controlled substance.
4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
   ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
5) Pursuant to Pub. Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, if applicable, the defendant shall cooperate in the collection of DNA while incarcerated in the Bureau of Prisons, or as directed by the probation officer.
6) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## B. STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**DEFENDANT:      RICHARD ARTHUR SCHMIDT**                **CASE NUMBER: AMD-04cr052**

# C. SUPERVISED RELEASE
# ADDITIONAL CONDITIONS

1. The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.
2. The defendant shall not possess or use any computer, except with permission of the probation officer. A computer may be used in connection with authorized employment with permission.
3. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer shall provide the state officials with any and all information required by the state sex offender registration agency, and may direct the defendant to report to that agency in person for additional processing, such as photographing and fingerprinting.
4. The defendant shall cooperate in the collection of DNA as directed by the probation officer.
5. The defendant will not possess or hold a United States passport, or United States travel document, or passport of any other nation, or travel document of any other nation, nor will he apply for any passport or travel document.
6. The defendant will not travel outside the State of Maryland, or whatever State he selects as his domicile following his release from prison, without prior approval from his U.S. Probation Officer.
7. The defendant will have no contact in person, via telephone, or via the Internet, with any minor, especially any minor male, with or without approval of U.S. Probation Officer.
8. The defendant's whereabouts will be monitored at all times by the U.S. Probation Office. To this end, the defendant will submit to whatever form of electronic monitoring, or monitoring by other means, the U.S. Probation Office has available to it following his release from prison.
9. The defendant will comply with the laws of whatever State he selects as his domicile following his release from prison, by registering, or re-registering in accordance with the laws of said jurisdiction relating to sexual offenders and/or repeat sexual offenders ("Megan's law").
10. The defendant will execute any and all appropriate consents and waivers of privacy to enable the U.S. Probation office to examine any and all computers he may use while on supervised release.
11. The defendant will attend, actively participate in and successfully complete any sex offender treatment program deemed appropriate by U.S. Probation at the defendant's own expense.
12. The defendant will not knowingly be within one mile of any public or private school property.
13. The defendant will consent to random, unannounced inspections of his living quarters by his U.S. Probation Officer.
14. The defendant will not possess any child or adult pornography and will not enter upon any premises where such materials are available for sale, rent or borrowing.
15. The defendant will only accept employment after receiving prior consent from his U.S. Probation Officer. If his U.S. Probation Officer deems it necessary, he/she will notify any prospective employer of the defendant as to the nature of the defendant's criminal record.
16. The defendant will have no contact whatsoever with any of the persons who were victims, or victims' family members in either this case, or any of the three Maryland cases in which the defendant was convicted.
17. The defendant will not call telephone numbers which provide access to sexually oriented services. The defendant will be required to furnish copies of his telephone bills to his U.S. Probation Officer upon demand.
18. The defendant will abide by all provisions in the attached document which is entitled "NO CONTACT CONDITION FOR SEX OFFENDER."

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release                Judgment Page 5 of 6

DEFENDANT:       RICHARD ARTHUR SCHMIDT                    CASE NUMBER: AMD-04cr052

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals: $200.00** | $200.00 | $ Waived | $ N/A |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . $

## FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☑ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **Amount of Restitution Ordered** | **Priority Order or Percentage Payment** |
|---|---|---|

Case 1:04-cr-00052-CCB   Document 28   Filed 05/26/05   Page 6 of 7

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 5, Part B - Judgment in a Criminal Case with Supervised Release | Judgment Page 6 of 6

**DEFENDANT:**       RICHARD ARTHUR SCHMIDT                           **CASE NUMBER: AMD-04cr052**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☑ Special Assessment be paid in full within 30 days.

B ☐ $_____ immediately, balance due (in accordance with C, D, or E); or

C ☐ Not later than _____; or

D ☐ Installments to commence _____ day(s) after the date of this judgment.

E ☐ In _____ (*e.g. equal weekly, monthly, quarterly*) installments of $_____ over a period of _____ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court..

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐ in equal monthly installments during the term of supervision; or

☐ on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several with:

☐ The defendant shall pay the following costs of prosecution and/or court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

## NO CONTACT CONDITION FOR SEX OFFENDER

**For All Offenders of Sexual Abuse to Children:**

I understand that I cannot have any contact with minors under the age of 18 of either sex until my parole agent gives me permission. I recognize this no contact condition is a very serious responsibility while in the program. I recognize that, by the nature of my crime, I have lost the privilege of being in contact with vulnerable individuals such as children and that I must accept the responsibility of refraining from any contact with children under the age of 18. I understand that this means the following:

1. I will make every attempt to avoid being in purposeful contact with children. This means I will not frequent places where it is certain that children will be present. As an example, I will shop at times where it will be more likely that children will be at a minimum or not present. I will not shop in a toy store or frequent video arcades and other similar places where children are known to frequent. If I make reasonable attempts to avoid contact with children and unavoidably am in incidental contact, I understand I will not be in violation of this condition.

2. If it is absolutely necessary to frequent a place where children are included, it is my responsibility to make special arrangements so that no contact with children will be made. As an example, if I am involved in a religious service or organization, I will attend only those sessions that include adults or make special arrangements to be completely separated from areas where children frequent. I will make special arrangements with my minister or pastor if necessary so I can continue with my church and not be in contact with children.

3. I will avoid specific agencies, places, etc., where children may be present, and in general avoid all areas, such as walking in front of schools, frequenting playgrounds, parks, or attending carnivals or circuses, where children will be present. I understand it is my responsibility to carefully evaluate beforehand all places that I go to avoid "accidental" contact with children.

4. If I do have some incidental contact with children I will be civil and courteous to the child and immediately remove myself from the contact without causing duress or emotional upheaval to the child. I will, at the next meeting, bring this to the attention of my parole agent.

5. I understand that due to the nature of my offense I do not have the option of forming a romantic, intimate, or sexual relationship with a woman who has a child under the age of 18. I will restrict such relationships to women who have no minor children.

I understand that it is my responsibility to understand these concepts and make all reasonable efforts to avoid all possible contact with children regardless of my wants or needs.

I HAVE READ AND DO UNDERSTAND THIS CONTACT CONDITION.

Signed: _Ri__el Sch____  Date: 4/18/2000

Agent: _Marty Plumach_  Date: 8-16-00

Supervisor: _Alan Ash_  Date: 8-16-00

Parole Commissioner: _Candace Berket_  Date: 8-17-00