IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD ARTHUR SCHMIDT       :

    Petitioner       :

v.       :       Civil Action No. L-11-1342
                                                        Criminal Case No. L-04-052

UNITED STATES OF AMERICA       :

    Respondent       :

o0o

# ORDER

The above-captioned Motion to Vacate pursuant to 28 U.S.C. § 2255 was filed on May 16, 2011. ECF No. 39. Petitioner pled guilty to two counts of violating 18 U.S.C. §2423.

The instant Motion to Vacate is successive. The first Motion to Vacate was filed on April 29, 2007 (ECF No. 29), and denied by this Court on June 11, 2007. ECF No. 30. Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this Court may not consider the merits of the claim unless and until Petitioner receives the certification.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the

comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this Court may examine the claims.

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

For the reasons set forth herein, this Court is without jurisdiction to review the instant Motion to Vacate. Accordingly, it is this 18th day of May 2011, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 IS DISMISSED without prejudice;
2. A Certificate of Appealability IS DENIED;
3. The Clerk IS DIRECTED to MAIL a copy of the foregoing Order and a copy of

    the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Petitioner; and

4.  The Clerk IS FURTHER DIRECTED to CLOSE this case.

                /s/
              _____
              Benson Everett Legg
              United States District Judge