IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD A. SCHMIDT** | * | |
| | * | **CIVIL NO. JFM-13-3370** |
| Petitioner | * | **CRIMINAL NO. JFM-04-00052** |
| | * | |
| v. | * | |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |
| | * | |

\*\*\*\*\*\*\*

## UNITED STATES MOTION TO DISMISS 28 U.S.C. § 2255 ACTION

The United States of America, through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Zachary A. Myers, Assistant United States Attorney, move to dismiss the motion filed under 28 U.S.C. § 2255 by defendant Richard A. Schmidt, and in support of said motion represent the following:

### FACTUAL AND PROCEDURAL BACKGROUND

**A. Prosecution and Conviction of the Defendant**

On February 5, 2004, a federal grand jury sitting in the District of Maryland issued a ten-count indictment against the defendant, Richard A. Schmidt (hereinafter "Schmidt"), charging him with one count of Travel by a U.S. Citizen in Interstate and Foreign Commerce with Intent to Engage in a Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(b) (Count 1); one count of Travel by a U.S. Citizen in Interstate and Foreign Commerce with Intent to Engage in a Illicit Sexual Conduct with a Minor, in violation of 18 U.S.C. § 2423(b) (Count 7); and eight counts of Travel by a U.S. Citizen in Interstate and Foreign Commerce and Engaging in a Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(c) (Counts 2-6, 8-10). Dkt. #1.[1] On July 8, 2004, a

---

1 Docket references in this motion are to the docket in the criminal case.

rearraignment was held and Schmidt entered pleas of guilty to counts seven and ten of the indictment, pursuant to a plea agreement with the government. Dkt. # 25. On May 25, 2005, Schmidt was sentenced a total of 180 months' imprisonment, with a lifetime term of supervised release to follow. Dkt. # 28. Schmidt did not file a direct appeal.

### B. Nearly Two Years Later Schmidt Files a Motion Challenging His Conviction

On April 5, 2007, Schmidt signed a *pro se* motion styled "Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4)." Dkt. # 29. The motion was docketed on April 9, 2007. *Id.* For purposes of evaluating this *pro se* motion, the United States will assume *arguendo* that Schmidt's motion was actually signed on April 5, 2007, was submitted to prison officials the same day, and would be deemed by the court to have been filed on April 5, 2007.[2] On June 8, 2007, the Court entered an order denying Schmidt's motion and construing it as a motion under 28 U.S.C. § 2255. Dkt. #30.

### C. Schmidt's Subsequent Post-Conviction Motions and Appeal

On May 11, 2011, Schmidt signed a motion attacking his conviction pursuant to 28 U.S.C. § 2255. Dkt. #39. On May 18, 2011, Schmidt's motion was denied as a second or successive motion under 28 U.S.C. § 2255. Dkt. #40.

On November 18, 2012, Schmidt signed a motion attacking his conviction pursuant to 28 U.S.C. § 2255. Dkt. #46. On December 14, 2012, Schmidt's motion was denied as a second or successive motion under 28 U.S.C. § 2255. Dkt. #47.

On March 13, 2013, Schmidt filed a motion for authorization to file a successive *habeas* application under 28 U.S.C. § 2244 with the United States Court of Appeals for the Fourth Circuit.

---

[2] *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's legal materials are deemed filed on the date they are deposited with prison officials for mailing).

*In re Richard Schmidt* Case No. 13-168 (4th Cir.), (Hereinafter "1st App. Dkt.") #2. On March 29, 2013, the Court of Appeals entered an order denying the motion as unnecessary, stating that none of his prior post-conviction motions should be considered as motions under 28 U.S.C. § 2255, for the purposes of the restrictions on second or successive § 2255 motions. 1st App. Dkt. #5. The Court of Appeals expressed no opinion as to the timeliness or the merits of any of Schmidt's post-conviction motions. *Id.*

### D.  Schmidt Files the Instant § 2255 Motion in November 2013

On November 6, 2013, Schmidt signed a motion attacking his conviction pursuant to 28 U.S.C. § 2255. Dkt. #48. Schmidt attached the Fourth Circuit's order to his motion. Dkt. #48, p. 9-10. On November 18, 2013, Schmidt's motion was denied as a second or successive motion under 28 U.S.C. § 2255. Dkt. #49.

On December 13, 2013, Schmidt filed a petition for certificate of appealability with the United States Court of Appeals for the Fourth Circuit. Dkt. #50. The motion was construed as a notice of appeal and refiled in this Court. *Id.* On May 13, 2014, the Court of Appeals vacated this Court's order denying the November 6, 2013, motion and holding that Schmidt's November, 2013, motion under 28 U.S.C. § 2255 should not be treated as second or successive. Dkt. #53. On July 7, 2014, the mandate of the Court of Appeals' judgment was issued. Dkt. #56.

## ARGUMENT

## THE STATUTE OF LIMITATIONS FOR 28 U.S.C. § 2255 BARS SCHMIDT'S ACTION

Schmidt's November 6, 2013, motion under 28 U.S.C. § 2255 is time-barred because it was filed more than one year, in fact more than eight years, after the May 25, 2005, conviction became final. Title 28, United States Code, Section 2255 provides for a one-year statute of limitations which runs from:

    1) the date on which the judgment of conviction becomes final;

    2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Schmidt's petition is not timely under any of these provisions. First, it was filed more than *101 months* after the entry of the judgment, the date on which his conviction became final. Even if Schmidt's first post-conviction filing, on April 5, 2007, had been properly treated as a § 2255 motion, it too would have been untimely, given that it was filed more than 22 months after his conviction became final. Second, the government has not placed an impediment on the defendant which prevented him from filing a timely petition, and Schmidt does not allege any such impediment. Third, Schmidt does not cite a "newly recognized" right which is "retroactively applicable to cases on collateral review." Fourth, the defendant does not allege that there were any newly discovered facts which support his claim and which might serve to extend the one year filing deadline for the pending petition.

    In fact, Schmidt concedes in his motion that it is untimely:

> The Defendant recognizes that the instant Motion pursuant to 28 U.S.C. § 2255 is beyond the 1 year statute of limitations for filing under the ADEPA, however the Defendant is asserting actual and factual innocence of the counts he was found guilty of as charged. Denying access to the Court in light of actual and factual innocence constitutes a miscarriage of justice. Accordingly, although untimely, the Defendant requests his motion be accepted for consideration on the merits.

Dkt. #48, p. 7. Schmidt cites to no statute, case or other legal authority for the proposition that an otherwise untimely § 2255 motion should be heard on the merits based upon a defendant's claim of "actual and factual innocence." The Supreme Court, however, recently announced an extremely narrow exception to the similar statute of limitations for actions under 28 U.S.C. § 2244:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; see *House*, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851."

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006)). In his many post-conviction motions, the defendant has never asserted, and still does not assert a claim of "actual innocence," though he may use that phrase, let alone one so conclusively proven that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." In his first post-conviction motion, the defendant argued over the course of 33 pages that the entirety of Title 18 of the United States Code, including

5

18 U.S.C. § 3231, which gave the Court jurisdiction over the defendant, was signed into law in violation of the Constitution, and was therefore void. Dkt. #29. In his subsequent motions he argued, as he has summarized his own arguments, *inter alia*, lack of subject matter jurisdiction, lack of venue, *ex-post facto*, and various species of ineffective assistance of counsel. Dkt. # 48, pp. 2-3.

In the instant motion, the defendant again alleges a garden-variety ineffective assistance of counsel claim, as well as challenging the constitutionality of the statutes under which he was convicted, and the territorial jurisdiction of the Court over the subject matter of his conviction. Dkt. # 48, pp. 7-8. This is not a claim of "actual innocence" as recognized by the Fourth Circuit:

> It is true that the Supreme Court has recognized a limited "actual innocence" exception to certain procedural bars to habeas review. Under the exception, "in an extraordinary case, where a constitutional violation has probably resulted in the *conviction of one who is actually innocent*, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (emphasis added); see also *McQuiggin*, 133 S.Ct. at 1931 ("In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief"); *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

*United States v. Jones*, No. 12-7675, 2014 WL 3397758, at*3 (4th Cir. July 14, 2014) (emphasis in original). Schmidt has repeatedly attacked the jurisdiction of this Court and the performance of his counsel. But in all of his years of post-conviction litigation, Schmidt has *never* claimed that he did not travel in foreign commerce from the Philippines to Cambodia for the purpose of engaging in

illicit sexual conduct with a minor, or that he did in fact travel in foreign commerce to Cambodia and knowingly engaged in illicit sexual conduct with John Doe #4, who was under 16 years old at the time. Schmidt's § 2255 motion is untimely, and there is no extraordinary reason for the Court to excuse his untimeliness. The motion should be dismissed.

## CONCLUSION

In sum, because Schmidt failed to file his § 2255 action within one year of his conviction becoming final, and in the absence of a claim that he did not commit the offense of conviction, the action should be dismissed.[3]

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Zachary A. Myers
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

---

[3] The United States respectfully requests that the Court determine the threshold issue of the timeliness of Schmidt's motion prior to addressing the merits of the case. If the Court denies the government's motion to dismiss, the government would then file a supplemental pleading addressing Schmidt's specific claims of ineffective assistance and lack of jurisdiction.

## **CERTIFICATE OF SERVICE**

I certify that on September 5, 2014, I caused a copy of this document to be mailed to:

>Richard A. Schmidt
>#47454-083
>FCI Fort Dix
>FEDERAL CORRECTIONAL INSTITUTION
>P.O. BOX 2000
>FORT DIX, NJ   08640

>                            /s/
>Zachary A. Myers
>Assistant United States Attorney