IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | Civil No. – JFM-13-3370 |
| | * | Criminal No. JFM-04-052 |
| RICHARD A. SCHMIDT | * | |

******

## MEMORANDUM

Richard A. Schmidt has filed a motion under 28 U.S.C. §2255. Although the motion is filed substantially after the limitations period set forth in §2255, it is cognizable because Schmidt claims that he is factually innocent of the crime of which he was convicted. *See Bousley v. United States*, 523 U.S. 614 (1998); *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010). Schmidt's motion will be granted.

I.

The transcript of Schmidt's rearraignment and sentencing apparently are not available. However, the court file reveals that Schmidt was indicted for travel in foreign commerce with the intent to engage in a sexual act with a minor and traveling in foreign commerce and engaging in illicit sexual conduct with a minor on February 5, 2004. His counsel, the late Fred Warren Bennett, filed a motion to dismiss counts II through X of the indictment. Before Judge Andre Davis, who was then assigned the case, ruled upon the motion, Schmidt entered into a plea agreement with the government. The agreement, entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C) provided that Schmidt was to plead guilty to counts VII and X of the indictment and that his sentence was to be between 96 and 141 months. Judge Davis rejected the plea

agreement. After the Assistant United States Attorney had written to the court explaining the reasons for the plea deal, Judge Davis indicated that he would accept the plea if the agreement called for a sentence of 15 years. Schmidt then entered into a plea agreement that provided that although the government would recommend a sentence of 144 months, the sentence could be as long as 15 years. Thereafter, Schmidt pled guilty and was sentenced to a period of incarceration of 180 months (15 years).

II.

The record establishes that Schmidt is a sexual predator. In 1984, on two different occasions, he was convicted of sexual offenses involving young boys. In 1986 he was again convicted of sex offenses involving a minor, and in 2002 it was alleged that he had unauthorized contact with a minor in violation of his parole. Shortly thereafter, he traveled to the Philippines, where he worked as a computer consultant and instructor at the Westfields International School. In 2003 Schmidt was arrested in the Philippines for acts of lasciviousness with children. While on pretrial release, he traveled to Cambodia. On December 1, 2003, he traveled from the Philippines to Cambodia where he engaged in illegal sexual conduct with a number of young boys. His United States passport was revoked and he was deported to the United States.

III.

In count VII of the indictment Schmidt was charged with traveling in foreign commerce from the Philippines to Cambodia for the purpose of engaging in illicit sexual conduct. In count X he was charged with traveling in foreign commerce to Cambodia and engaged in illicit sexual conduct. Although it does not expressly so state, it is clear that the travel charged in count X was from the Philippines to Cambodia.

18 U.S.C. §10 defines "foreign commerce" to mean "commerce with a foreign country." The word "with" "requires a nexus between the United States and a foreign country." *United States v. Bollinger*, No. 14-4086, 2015 WL 4928117 at *10 (4th Cir., Aug. 19, 2015). The court went on to state: "[t]he use of the word "'with" in the foreign clause, instead of the word 'among' as used in the interstate clause, merely suggests the obvious: Congress cannot regulate commerce 'among' foreign nations because other nations do not submit their sovereignty to our regulatory powers." *Id.*

Schmidt thus is "actually innocent" of the crimes to which he pled guilty because his conduct was not in violation of United States law.[1] If, however, Schmidt had the intention to engage in illicit conduct when he traveled to the Philippines from the United States, he might be guilty of charges in other counts of the indictment. That said, in light of the fact that Schmidt has already served the 10 years that the government recommended and in light of the potential witness problems described in the letter from the United States Attorney to Judge Davis mentioned above, it may be that the government does not wish to pursue those charges at the present time. Accordingly, I ask the government to advise me on or before October 14, 2015 as to whether it intends to proceed with the prosecution of Schmidt.

Date: 9/11/15

J. Frederick Motz
United States District Judge

---

[1] My decision is based upon the fact that Schmidt is being held in custody without lawful authority. If it were necessary for me to find that Fred Bennett, Schmidt's counsel, was ineffective, I am not sure that I could do so. Even If Mr. Bennett advised Schmidt to plead guilty to counts which did not allege violation of United States law, the plea agreement nevertheless may have been a net benefit to Schmidt.