

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Zachary A. Myers*  *Suite 400*  DIRECT: 410-209-4848
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Zachary.Myers @usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-0716

November 19, 2015

The Honorable J. Frederick Motz
Senior U.S. District Judge
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:   *United States* v. *Richard Schmidt*
           Civ. No. JFM-13-3370; Crim. No. JFM-04-052
           **Response to Defendant's Surreply and Motion**

Dear Judge Motz:

      I am writing on behalf of the United States in response to the Defendant's "Sur-Reply to Government's Motion for Reconsideration And Motion to Reconsider Claims of Ineffective Assistance Of Counsel and that Plea Was Involuntary" (ECF No. 102). Under Local Rule 105(2)(a) "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." The Court did not enter an order permitting the Defendant's surreply, and the Court should disregard this filing.

      The Defendant also asks the Court to "reconsider its ruling on his claims of ineffective assistance of counsel and his claim that his plea was not voluntary . . . ." However, the Defendant did not make these claims in his petition, and the Court made no such ruling.[1]

      Prior to his most recent filing, the Defendant did not raise either of these alleged deficiencies as a basis for relief under 28 U.S.C. § 2255. The *only* claim raised by the instant petition is "[l]ack of Courts territorial and subject matter Jurisdiction, evoking an 'actual innocence' claim." (ECF No. 48 at 4). More than two years after a petition that he as always acknowledged was filed well after the statute of limitations expired, the Defendant cannot now raise new claims for relief in response to the government's Motion for Reconsideration.

      For the reasons set forth in the government's prior filings, the government respectfully requests that the Court dismiss the Defendant's petition as untimely, or in the alternative dismiss it on the merits.

---

1 The Court's memorandum opinion makes clear that the Defendant was not raising the issue of ineffective assistance of counsel, and if he were the Court was unsure he could find the late Mr. Bennett ineffective given that the plea may have been a benefit to the Defendant. (ECF No. 96 at 3, n.1)

Please do not hesitate to contact me with any questions.

    Very truly yours,

    Rod J. Rosenstein
    United States Attorney

By: _____/s/_____
    Zachary A. Myers
    Assistant United States Attorney

cc:    Mary Davis, Esq.
      *Counsel to Mr. Schmidt*

      Sujit Raman, Chief of Appeals