IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | Crim. No.  JFM-04-0052 |
| v. | : | |
| RICHARD A. SCHMIDT | : | |

MOTION FOR IMMEDIATE RELEASE

Defendant Richard Schmidt, by and through counsel, moves this Honorable Court to order his immediate release.  In support he states the following.[1]

Mr. Schmidt entered a plea of guilty to violating 18 U.S.C. § 2423(b), Travel by a U.S. Citizen in Foreign Commerce With Intent to Engage in Illicit Sexual Conduct with a Minor.  He was sentenced to 180 months imprisonment and supervised release for a term of life. Following a lengthy procedural history, that is not relevant to this Motion, the Court granted Schmidt's Motion to Vacate on September 11, 2015.  On October 7, 2015, the government filed a Motion for Reconsideration.  On April 8, 2016, the Court denied the Motion for Reconsideration.  Inasmuch as Mr. Schmidt's convictions have been vacated, he moves this Court for immediate release pursuant to 18 U.S.C. § 3143(c).

"There is a presumption of release pending appeal where a petitioner has been granted habeas relief. See *Hilton v. Braunskill,* 481 U.S. 770, 774, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 130 S. Ct. 5, 6,

---

[1] Zachary Myers, speaking on behalf of the United States, has advised counsel for Mr. Schmidt, "Any filing seeking an order [for release] should reflect the government's strenuous objection."

174 L. Ed. 2d 602 (2009).  This Court should consider the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, i.e., there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous; (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Id.* at 130 S.Ct. at 5.[2]

In regard to the first factor, the government failed to cite in any of its pleadings any statute or case that supports its position that Schmidt is not actually innocent of the offense to which he pled. As a result, it is highly unlikely that the Fourth Circuit will conclude that this Court's ruling was erroneous. Second, there is nothing to support a finding that the government will be irreparably injured if Schmidt is released.  Third, the only parties to this proceeding are Schmidt and the United States.  Therefore, no party will be injured by his release.  Finally this Court should consider where the public interest lies.  Schmidt submits that he has committed no offense.  He is legally innocent and has committed no crime in violation of any law of the United States.  As such, his actual innocence must take priority over any other interest. *See Withrow v. Williams*, 507 U.S. 680, 700, 113 S. Ct. 1745, 1757, 123 L. Ed. 2d 407 (1993) ("Most telling of all, this Court continuously has recognized that the ultimate equity on the prisoner's side—a

---

[2] Before beginning the analysis, it is important to note that the government has not, in fact, filed a notice of appeal.  Indeed, the government has not yet received approval to file an appeal.  Since the government has 60 days to note an appeal, any notice of appeal is not due until June 7, 2016.

2

sufficient showing of actual innocence—is normally sufficient, standing alone, to outweigh other concerns...") There simply is no purpose served in keeping an innocent man behind bars.

Mr. Schmidt is now 73 years of age. He is due to be released on January 20, 2017. Even assuming the government gets permission to appeal, the appeal process will likely extend beyond his date of release. Mr. Schmidt is now incarcerated at Butner Medium FCI. He was transferred there for an evaluation to determine if he should be civilly committed pursuant to 18 U.S.C. § 4248, (Civil Commitment of a Sexually Dangerous Person). However, since he has no conviction as of September 11, 2015, the evaluation process has been discontinued. There is no valid justification for his continued incarceration. Schmidt submits that the government's actions, beginning with the filing of the Motion to Reconsider, have been for the sole purpose of delaying his release and nothing more.

WHEREFORE, the defendant moves this Court to Order his immediate release.

Respectfully submitted,

/s/_____
Mary E. Davis
Davis & Davis
1350 Connecticut Avenue, NW Suite 202
Washington, DC 20036
(202) 234-7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served upon all counsel of record via the Court's CM/ECF Service on this 12th day of April 2016.

/s/_____
Mary E. Davis