UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

NO.: 1:04-cr-52-CCB-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD ARTHUR SCHMIDT,<br>Defendant. | **MOTION TO ENFORCE JUDGMENT** |

Undersigned counsel, on behalf of Defendant Richard Schmidt (Mr. Schmidt) comes and moves this Court under the Fifth Amendment's Due Process Clause and 18 U.S.C. § 3583 to enforce the judgement in this case and order that the United States Probation Office for the District of Maryland (Probation Office) immediately cease to require that the Defendant be confined to his home on supervised release on the ground that this condition was not ordered by the Court at the time of sentencing and that the Probation Office lacks the authority to impose this restriction on the defendant.

## BACKGROUND

Mr. Schmidt is 78 years old. He pleaded guilty to the indictment in the above-captioned case to Travel by a United States Citizen in Interstate and Foreign Commerce with the Intent to Engage in a Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(b) (Count 7 of the indictment) and Travel by a United States Citizen in Interstate and Foreign Commerce and Engaging in Illicit Sexual Conduct with a Minor, in violation of 18 U.S.C. § 2423(c) (Count 10).

This Court imposed final judgment on May 25, 2005.1 *See* CCB-04-0052, ECF 28 at 1. In addition to an active term of imprisonment, the Court imposed a special or non-standard condition of supervised release in the final judgment that restricts Mr. Schmidt to the District of Maryland without prior approval from the Probation Office to travel. *Id.* at ¶6 at 4. There is also a special condition subjecting him to electronic monitoring to enable the Probation Office to know his whereabouts at all times. *Id.* at ¶ 8. However, the judgment did not place Mr. Schmidt on home confinement. Nothing in the judgment restricts Mr. Schmidt to his home without prior permission from the Probation Office while on supervised release. Nor do the subsequent two modifications to the conditions of his supervised release place Mr. Schmidt on home confinement.

Home confinement is permitted to be imposed as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) and 3563(b)(19), but only as an alternative to incarceration. Home confinement was not specified as a condition of supervised release at the time of sentencing. Further, Mr. Schmidt has neither agreed to home confinement as a modification to the terms of his supervised release nor been found to have violated any supervised release condition(s) in a manner serious enough to warrant a revocation and the statutory sanction of home confinement in lieu of prison under § 3583(e)(4).

Regardless of these facts, the Probation Office has required Mr. Schmidt to be confined to his home since he was released from prison.2 Even though Mr. Schmidt had never previously lived

---

1 Even after the Fourth Circuit Court of Appeals reversed this Court's order vacating Mr. Schmidt's convictions in habeas corpus litigation under 28 U.S.C. § 2255, only the conviction for Count 10 of the indictment was restored. ECF 139.

2 After the Fourth Circuit reversed this Court's habeas order vacating Mr. Schmidt's conviction to Count 10 of the Indictment (the only remaining count of conviction), on January 11, 2017, the Government unilaterally certified Mr. Schmidt for a **second** time for civil commitment under the Adam Walsh Act, 18 U.S.C. § 4248, in the Eastern District of North Carolina where the prison FCI Butner is located. The district court in the Eastern District of North Carolina had dismissed the Government's first attempt to civilly commit Mr. Schmidt for lack of jurisdiction (the vacatur of the convictions by this Court had not been restored by the Fourth Circuit at the time of the first civil commitment certification filing), and the Government's appeal of that order and

in the Maryland mountains before being placed on supervised release, he moved to the Cumberland, Maryland area at the Probation Office's direction because, in that office's view, there are too many schools in the Baltimore area. Despite the fact that Mr. Schmidt acquiesced to this extrajudicial mandate, the Probation Office does not permit Mr. Schmidt to leave his home except under narrow circumstances that are pre-approved by Probation. For example, in its motion to have software monitoring of computers added to the Court's special or non-standard supervised release conditions, the Probation Office suggested that it considered Mr. Schmidt to be non-compliant with his supervised release when he "left his residence" to go pay his rent without prior permission from the Probation Office (though it noted that GPS monitoring as well as his landlord allegedly confirmed he did leave to go to an ATM to pay his rent). *See* ECF 140. Additionally, on July 16, 2018, Mr. Schmidt sought to inform this Court that the Probation Office had put him on home confinement ever since his release from prison in 2018 in his *pro se* motion requesting the appointment of counsel to assist him in challenging certain supervised release conditions. ECF 143.

---

judgment from the Eastern District of North Carolina was still pending in the Fourth Circuit after oral argument when the Government filed a second unilateral certification of eligibility for civil commitment that automatically stays release from custody. Ultimately, after a bench trial in the second civil commitment case, the district court determined that considering the stronger weight of the expert testimony from Dr. Plaud and Dr. Saleh, and Mr. Schmidt's advanced age, and other factors pointing towards a low-risk of recidivism, the Government did not prove by clear and convincing evidence that Mr. Schmidt would have serious difficulty refraining from sexual predation if released under § 4248. *See United States v. Schmidt*, No. 5:17-hc-2008-BO, D.E. 68-69 (E.D.N.C. March 7, 2018). This finding is underscored by Mr. Schmidt's understanding and belief that his current therapist he works with as part of the supervised release conditions does not believe that home confinement here is warranted.

## DISCUSSION

Supervised release and conditions under that regime are a part of punishment and implicate the Due Process Clause of the Fifth Amendment, because they "restrict defendants' liberty and put defendants at risk of reincarceration…" *United States v. Rogers*, 961 F.3d 291, 300 (4th Cir. 2020). 18 U.S.C. § 3583 governs the terms of supervised release that follow a sentence of imprisonment. An overarching principle in the statute itself for special or non-standard conditions of supervised release is that they "involve no greater deprivation of liberty than is reasonably necessary" under the sentencing purposes set out in § 3553(a). While § 3583 (governing supervised release) allows a sentencing court, after making the required fact-finding, to impose as a special or non-standard condition(s) of a term of supervised release any of the discretionary conditions of probation listed in 18 U.S.C. § 3563(b), the home confinement provision for probation under § 3563(b)(19) is qualified by a limitation that it can only be imposed as an alternative to incarceration.

The Probation Office's commands to Mr. Schmidt that he cannot leave his home without prior permission from his supervising officer is tantamount to house arrest for life. It is hard to imagine a greater liberty deprivation that could occur under the structure of supervised release. Those commands are not special or non-standard conditions authorized by the final judgment in this case, nor are they are not authorized by statute absent an adjudication of a violation that triggers a revocation of supervised release under 18 § 3583(e). Therefore, these commands are an illegal deprivation of liberty and must cease. Furthermore, this Court has already acknowledged during the habeas corpus litigation under 28 U.S.C. § 2255 in this case that any transcripts of the re-arraignment or sentencing hearing are apparently not available. ECF 96 at 1. Thus, there is no evidence that home confinement was orally announced at sentencing as a special condition of supervised release, which it must be for it -- or any other purported special or non-standard condition(s) -- to be lawful (assuming *arguendo* that home confinement could be a special

condition of supervised release absent an adjudicated violation of supervised release and a revocation being imposed). *Rogers*, 961 F.3d at 300-301.3

At bottom, nothing in the § 3583 supervised release regime, or the Due Process Clause to the Fifth Amendment, empowers the Probation Office to unilaterally require a person under supervision at the outset to stay inside their home (without prior permission to leave) under the threat of incarceration for disobedience, especially when such a liberty deprivation is not a special condition of supervised release in the judgment. Mr. Schmidt respectfully requests that this Court enforce the judgment issued at sentencing in this case and immediately order the Probation Office to cease to require, as a condition of his supervised release, that Mr. Schmidt stay in his home without prior permission to leave.

---

3 In light of *Rogers*, it is not clear that any of the special or non-standard conditions of supervised release in this case are lawful without the availability of a sentencing transcript to confirm whether those conditions were orally announced by the Court as part of the sentence, however, for purposes of this motion, Mr Schmidt currently focuses only on a challenge to home confinement which, as stated above, is not a condition in the final judgment or a part of any modification to his supervised release conditions.

Respectfully submitted this 30th day of June, 2021.

        TARLTON | POLK PLLC

        /s/ Raymond C. Tarlton
        RAYMOND C. TARLTON
        Attorney for Defendant
        209 Fayetteville Street, Suite 105
        Raleigh, North Carolina 27601
        Post Office Box 1386
        Raleigh, NC 27602
        Telephone: 919.948-6464
        Fax: 919.400.4200
        E-mail: rtarlton@tarltonpolk.com
        N.C. State Bar No. 38784

        *Designation: Retained , Pro Hac Vice*

        /s/ Paul D. Hazlehurst
        PAUL D. HAZLEHURST
        Bar No: 08156
        Attorney for Defendant
        11350 McCormick Road
        Executive Plaza II, Suite 750
        Hunt Valley, MD 21031
        Telephone: 410.773.9610
        Fax: 410.891.5371
        Email: paul@lawpdh.com

        *Designation: Retained*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Jason Medinger
Email: jason.medinger@usdoj.gov

Zachary Myers
Email: zachary.myers@usdoj.gov

United States Attorney's Office
36 St. Charles St, Fourth Fl
Baltimore, MD 21201
410 209 4800
Fax: 410 962 0122

by electronically filing the foregoing with the Clerk of Court on June 30, 2021, using the CM/ECF system which will send notification of such filing to the above.

This the 30th day of June, 2021.

/s/ Paul D. Hazlehurst
PAUL D. HAZLEHURST
Bar No: 08156
Attorney for Defendant